# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:24-cr-00055 |
| Plaintiff, | |
| | District Judge Michael J. Newman |
| | Magistrate Judge Caroline H. Gentry |
| vs. | |
| THOMAS WILLIAM KENT, | |
| Defendant. | |

## DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. NO. 13)

This case came before the Court on the Government's Motion for Pretrial Detention (Doc. No. 13), which seeks to detain Defendant Thomas Kent ("Defendant") prior to trial. This Court held a hearing and granted the Motion at the end of the hearing. This opinion sets forth the Court's findings of fact and statement of reasons for granting the Motion and orders certain conditions for Defendant's pretrial detention.

**I.    LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "***shall*** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the

1

person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985).

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

## II.    ANALYSIS

For the reasons stated at the detention hearing and further described below, and based upon the evidence before the Court at the time of the hearing, the Court finds that Defendant did not rebut the presumption of detention. In addition, the Court finds that the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at required court appearances if he is released. Therefore, the Court grants the Motion.[3]

### A. Rebuttable Presumption

Based upon the Superseding Indictment that was handed down by the grand jury prior to the detention hearing, the Court finds that there is probable cause to believe that Defendant has committed an offense listed in 18 U.S.C. § 3142(e)(3)(A): namely, a controlled substances offense that has a maximum penalty of ten or more years of imprisonment. Therefore, a rebuttable presumption of detention applies in this case.

Although Defendant's burden of producing evidence to rebut the presumption is not heavy, he "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community. *U.S. v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (internal quotations and citation omitted). At the hearing, Defendant did not provide evidence sufficient to rebut the presumption of detention. For this reason alone, in addition to the reasons set forth below, the Court will grant the Government's Motion.

---

[3] The Court makes no finding as to whether the Government met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Defendant is released.

### B. Nature and Circumstances of the Offense

The grand jury initially indicted Defendant for being a domestic violence misdemeanant in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(8). Subsequently, the grand jury indicted Defendant on charges of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1), and aiding and abetting in violation of 18 U.S.C. § 2. The charge under Section 856(a)(1) is punishable by up to 20 years imprisonment, a fine of up to $500,000, and a civil penalty. Given the lengthy sentence that Defendant may face, this factor weighs slightly in favor of detention.

### C. Weight of Evidence of Risk of Flight

The Government met its burden of proving that no condition or combination of conditions will reasonably assure Defendant's appearance as required by the Court. Not only did Defendant previously violate his probation and repeatedly fail to appear in court, but he allegedly hid from agents to avoid being arrested. This risk of non-appearance is heightened by Defendant's lack of a stable residence, lack of stable employment, history of substance abuse and the fact that Defendant faces a lengthy period of incarceration if convicted. Taken together, these facts weigh heavily in favor of detention.

### D. Defendant's History and Characteristics

Defendant allegedly maintained a drug-involved premises at his residence and sold drugs to members of his former gang, the Thug Riders Motorcycle Club (TRMC). He has a history of substance abuse. He was evicted from his residence, which he had shared with three other people, after being arrested. He does not have stable employment. His criminal history includes convictions for domestic violence, theft, criminal damaging,

5

criminal trespassing, breaking and entering (land/premises), drug paraphernalia, and receiving stolen property. He failed to appear in court as required on several occasions and was required to serve a sentence of imprisonment after violating the terms of his probation. Taken together, these facts weigh heavily in favor of detention.

### E.  Nature and Seriousness of Danger Posed to The Community

The unlawful possession of firearms, and the maintenance of drug-involved premises, inherently pose a serious danger to other persons and the community. Accordingly, the Court finds that this factor also weighs in favor of detention.

### III.  CONCLUSION

After weighing all the relevant factors, the Court finds that Defendant did not rebut the presumption of detention and, further, that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure Defendant's appearance as required by the Court. Therefore, the Government's revised Motion for Pretrial Detention (Doc. No. 13) is **GRANTED**.[4]

Accordingly, it is hereby **ORDERED** that:

1)     Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2)     Defendant be afforded reasonable opportunity for private consultation with counsel; and

---

[4] The Government's initial Motion for Pretrial Detention (Doc. No. 5) is **DENIED** as moot.

3) On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which Defendant is confined deliver Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

    */s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.

7